# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT L. BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:12-CV-158 |
| | ) |
| MR. APOLLO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **GRANTS** the Plaintiff leave to proceed against Defendants in their individual and official capacities for damages and injunctive relief on his Eighth or Fourteenth Amendment sanitation and dietary claims, and **DISMISSES**, pursuant to Section 1915A, all other claims.

BACKGROUND

Plaintiff Robert Burns ("Burns") is a prisoner confined at the Lake County Jail; the Defendants are all Lake County Jail officials. Burns alleges that the Defendants violated rights protected by the United States Constitution's Fifth, Eighth, and Fourteenth Amendments by subjecting him to unsanitary food trays, which pose a health hazard and have injured his health. He also alleges that jail officials have knowingly served him food to which he is allergic.

DISCUSSION

69, 73 (1984). Giving Burns the benefit of the inferences to which h Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

In the context of *pro se* litigation, the Supreme Court stated

2

that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140 (1979).

Burns alleges that Lake County Jail officials violated rights protected by the Constitution's Fifth, Eighth, and Fourteenth Amendments. In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner,* 490 U.S. 386, 394, (1989). The Fifth Amendment's due process clause relates only to the federal government and its agencies. *See Andrews v. Consolidated Rail Corp.* 831 F.2d 678, 681-83 (7th Cir. 1987); *see also Craig v. Cohn,* 80 F.Supp.2d 944, 947 (N.D. Ind. 2000) ("The Fifth Amendment's due process clause applies only to acts of the

3

federal government and does not limit actions of state officials."). The Fourteenth Amendment's due process clause protects pretrial detainees and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

Burns does not state in his complaint whether he is at the jail as a pretrial detainee or is serving time on a conviction. But that does not matter at the screening stage because "[a]lthough the Eighth Amendment only applies to convicted prisoners . . . the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In his complaint, Burns alleges that "the food trays I'm fed on are deplorable, and very nasty. The food trays come to me with left over food, crud, and dishwashing residue," which constitutes a health hazard. (DE 1 at 2). Burns further alleges that he has "been made sick with H-Pie-LORI infections" as a result of eating off of unsanitary food trays (DE 1 at 5). Finally, Burns alleges

4

that the jail has served him food to which he is allergic, even after the Defendants were on notice of his allergy.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. e is entitled, the Court cannot say that he can prove no set of facts consistent with his sanitation and dietary claims under the provisions of the Eighth or Fourteenth Amendments. However, his allegation that the Defendants' actions violated provisions of the Fifth Amendment state no claim upon which relief can be granted.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against the Defendants in their individual and official capacities for damages and injunctive relief on his Eighth or Fourteenth Amendment sanitation and dietary claims:

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process

on the Defendants on the Plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

DATED: June 18, 2012          /S/RUDY LOZANO, Judge
                              United States District Court