```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

ROBERT L. BURNS,                )
                                )
Plaintiff,                      )
                                )
    vs.                         )    CAUSE NO. 2:12-CV-158
                                )
MR. APOLLO, *et al.*,           )
                                )
Defendants.                     )

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert Burns's motion for appointment of counsel and on his request for a jury trial, which is contained in a document entitled In support of Motion for Appointment of Counsel. For the reasons set forth below, the Court **DENIES** the Plaintiff's motion for appointment of counsel and takes his request for a jury trial **UNDER ADVISEMENT.**

This is Burns's second motion for appointment of counsel. The Court denied his first request for appointment of counsel because his case does not involve exceptional circumstances and is not complicated. (DE 17 at 2).

There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, the federal *in forma pauperis* statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Burns is proceeding *in forma pauperis* in this case, so

he is eligible for consideration under § 1915(e)(1). The plain language of the statute technically does not allow the court to *appoint* — i.e., compel – an attorney to represent the indigent over the attorney's objection; it simply allows the Court to *ask* an attorney to represent the indigent *pro bono publico*. *Mallard v. U.S.D. for S. D. Iowa*, 490 U.S. 296, 307 (1989). However, since courts are generally successful in their endeavor to find a willing attorney, there is nothing wrong, as a practical matter, with calling it an "appointment." *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991).

In exercising its discretion to determine whether to recruit an attorney for Burns, the court is guided by two inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). Addressing the first question, Burns does not assert that he has attempted to find counsel on his own to try this case, nor does he attach documentation establishing that he attempted to find trial counsel. Accordingly, his efforts do not satisfy the first prong of the *Farmer* test.

The second prong of the test is really a two-fold inquiry. *Pruitt*, 503 F.3d at 655. The Court must consider the related

questions of the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. *Id.* The court begins with the difficulty of the plaintiff's case. "[T]here are no hard and fast rules for evaluating the factual and legal difficulty of the plaintiff's claims." *Id.*

The decision to appoint counsel is within the sound discretion of district courts, *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). The court should reserve its power to appoint counsel in those cases "presenting exceptional circumstances as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the
complexity of the legal issues involved." *Farmer*, 990 F.2d at 322 (quotation marks and citations omitted). Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. *Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was,

3

district courts "would be required to request counsel for every indigent litigant." *Farmer*, 990 F.2d at 323.

Mr. Burns's case does not involve "exceptional circumstances" and is not complicated. Burns alleges one claim that he has been fed food on unclean food trays while he has been incarcerated at the Lake County jail and one claim that jail officials have knowingly served him food to which he is allergic. Burns is aware of the facts of his case as they are within his personal experience and, to date, he has articulated his claims quite plainly and has diligently proceeded with the case.

Burns asserts that he is unfamiliar with the conduct of a trial. But after the Court determines whether the trial will be a bench trial or a jury trial, it will explain the trial mechanics to the Plaintiff.

In his submission in support of his motion for appointment of counsel, Burns states "I don't want a bench trial without a[n] attorney to represent me. I want a JURY trial!" (DE 52) (Emphasis in original). This request comes late in the day, but the Seventh Circuit has held that where a prisoner plaintiff is proceeding *pro se*:

> In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted. The exercise of discretion requires an analysis of the facts of the particular case. As one commentator has noted, the court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case. The mere fact, however, that plaintiff's motion for a jury trial was "too late" is

4

> neither a strong nor a compelling reason to deny the fundamental right to a jury trial.

*Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983) (citations and quotation marks omitted).

Subsequently, in reviewing a case in which a district court denied a *pro se* prisoner's late request for a jury trial, the Seventh Circuit reversed, noting that the "district judge did not identify any 'strong and compelling' reasons why a jury trial would be inappropriate." *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998). The Seventh Circuit further stated that:

> Rule 38(d) means that the district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b). Once such a reason has been advanced, the district court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy.

*Id.* at 703-704 (citation and quotation marks omitted).

For the foregoing reasons, the Court:

(1) **DENIES** the Plaintiff's motion for appointment of counsel (DE 51);

(2) Takes the Plaintiff's request for a jury trial (DE 52) under advisement;

(3) **AFFORDS** the Plaintiff until May 30, 2013, within which to offer a reason for not meeting the deadline in Rule 38(b); and

(4) **AFFORDS** the Defendants until June 7, 2013, within which to advise the Court of any strong and compelling reasons why the Plaintiff's untimely jury demand should not be granted.

**DATED: May 14, 2012**                              /S/RUDY LOZANO, Judge
                                                     **United States District Court**