# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT L. BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-158 |
| | ) | |
| MR. APOLLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the question of whether Plaintiff Robert Burns's injunctive relief claims are now moot. For the reasons set forth below, the Court will **DISMISS** the Plaintiff's injunctive relief claims as moot, leaving this case before the Court only on his damage claims against the Defendants.

BACKGROUND

Burns was a prisoner confined at the Lake County Jail when he filed his complaint in this case; the Defendants are all Lake County Jail officials. This Court screened Burns's complaint pursuant to 28 U.S.C. § 1915A, and granted him leave to proceed against the Defendants for both damages and injunctive relief on his claim that he was fed food on unclean food trays while he was incarcerated at the Lake County jail and his claim that jail officials knowingly served him food to which he is allergic. The

Plaintiff has advised the Court that he is no longer confined at the Lake County Jail and that he is currently housed at the Cook County Jail (DE 43).

DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss a claim in a case filed *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Burns seeks injunctive relief as well as damages, but his injunctive relief claims are now moot because he is no longer housed at the Lake County Jail. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).

It is possible that Burns could at some point in the future return to the Lake County, but the mere possibility that this might occur is insufficient to save his injunctive relief claims. The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis that Burns is likely to return to the Lake County Jail. If he does return to the Lake County Jail and is subjected to the same conditions he

2

complains of in his complaint, he may seek leave of the Court to renew his claim for injunctive relief.

CONCLUSION

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), **DISMISSES** the Plaintiff's claims for injunctive relief as moot. This case is still before the Court on the Plaintiff's damage claims.

**DATED: May 22, 2012**     /S/RUDY LOZANO, Judge
                            **United States District Court**