IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT L. BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-158 |
| | ) | |
| MR. APOLLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert Burns's request for a jury trial, which this Court took under advisement on May 14, 2013. For the reasons set forth below, the Court will **GRANT** the Plaintiff's request for a jury trial.

The Plaintiff's request for a jury trial comes late in the day, but the Seventh Circuit has held that where a prisoner plaintiff is proceeding *pro se*:

> In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted. The exercise of discretion requires an analysis of the facts of the particular case. As one commentator has noted, the court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case. The mere fact, however, that plaintiff's motion for a jury trial was "too late" is neither a strong nor a compelling reason to deny the fundamental right to a jury trial.

*Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983) (citations and quotation marks omitted).

Subsequently, in reviewing a case in which a district court denied a *pro se* prisoner's late request for a jury trial, the Seventh Circuit reversed, noting that the "district judge did not identify any 'strong and compelling' reasons why a jury trial would

be inappropriate." *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998). The Seventh Circuit further stated that:

> Rule 38(d) means that the district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b). Once such a reason has been advanced, the district court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy.

*Id.* at 703-704 (citation and quotation marks omitted).

This Court afforded the Plaintiff until May 30, 2013, within which to offer a reason for not meeting the deadline in Rule 38(b), and afforded the Defendants until June 7, 2013, within which to advise the Court of any strong and compelling reasons why the Plaintiff's untimely jury demand should not be granted. The Plaintiff has filed a notice in which he states that he "didn't know that I was under any deadline [to request a jury trial] I thought all civil trials was (sic) by jury." (DE 58). The Defendants have not filed anything.

Because the Defendants have not presented any reasons, let alone any strong and compelling reasons, why the Plaintiff's untimely jury demand should not be granted, this Court **GRANTS** the Plaintiff's request for a jury trial (DE 52).  Enclosed with this order is a document titled "Trial Explanation for Pro Se Plaintiff" which Burns may find helpful in preparing for the July 29, 2013, jury trial in this matter.

**DATED: June 12, 2013**                          /S/RUDY LOZANO, Judge
                                                  **United States District Court**

2