```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

ROBERT L. BURNS,            )
                            )
Plaintiff,                  )
                            )
vs.                         )    CAUSE NO. 2:12-CV-158
                            )
MR. APOLLO, *et al.*,       )
                            )
Defendants.                 )

## OPINION AND ORDER

Robert L. Burns, a *pro se* prisoner, challenges the conditions of his confinement at the Lake County Jail ("the jail") in this case brought under 42 U.S.C. § 1983. (DE 8.) The Defendants move for summary judgment on the ground that Burns failed to exhaust his administrative remedies before filing suit. (DE 80.) For the reasons set forth below, the motion for summary judgment (DE 80) is **DENIED**.

BACKGROUND

Burns filed this action on April 24, 2012. (DE 1.) He was granted leave to proceed on a claim that jail staff served him food on trays that were excessively dirty, causing him to contract a stomach infection. (DE 8.) The Defendants move for summary judgment, arguing that Burns failed to properly exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a). (DE 80.) Burns objects to the entry of summary judgment. (DE 84.)

The parties have filed numerous documents in support of their respective positions. (*See* DE 80, 82-85, 87, 88, 91, 93, 94, 97.)

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the Defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th

Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary form or mishandling a grievance, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Burns was an inmate at the jail during 2011 and 2012.[1] (DE 82 at 2.) During that time, the jail had a grievance procedure in place. (DE 83-1, Lake County Jail Prisoners Manual § XVI ("Grievance Policy"); DE 83-2, Leto Aff. ¶ 3.) The policy involves several steps: the initial step is to try to informally resolve the issue with staff; thereafter, the inmate must initiate the formal grievance process by submitting a written grievance to the deputy warden's office; if dissatisfied, the inmate must appeal to the warden; and the final step is an appeal to the Sheriff of Lake County. (DE 83-1, Grievance Policy § XVI(A)-(B).)

In their motion, the Defendants argue that Burns failed to properly exhaust each step of this process. They do not dispute that Burns filed multiple grievances about the food trays over a period of several months, but they argue that he failed to appeal after his grievances were not resolved to his satisfaction. (DE 82 at 7.) However, in support of this argument, they do not submit an official copy of Burns's grievance records or an affidavit from the records custodian at the jail. (*See* DE 82, 83.) Instead, they point to documents Burns attached to his complaint, and argue that the absence of any appeal documents demonstrates that Burns did not properly exhaust. (*See* DE 82 at 3-4.) This argument misses the

---

[1] For unknown reasons, Defendants did not provide official documentation showing the exact dates of Burns's detention at the jail, and instead assert that he was there "during late 2011 and 2012" based on the dates of grievances he submitted along with his complaint. (DE 82 at 2) (citing DE 1 at 7-27.) For completeness, this information would have been useful, but there is no dispute Burns was at the jail during the dates relevant to the present motion.

mark. Exhaustion is an affirmative defense, and the burden of proof is on the Defendants. *See Dole*, 438 F.3d at 809. Thus, the absence of appeal documents attached to Burns's complaint does not entitle the Defendants to summary judgment.

Furthermore, the Defendants' argument is actually refuted by the documents they reference. There are several documents attached to the complaint (which Burns resubmitted in response to the summary judgment motion), indicating that Burns filed multiple appeals when his grievances were not resolved to his satisfaction. These documents show that the grievance and appeal are the same form; to submit an appeal the inmate need only check the appropriate box when asked, "Is this an appeal? ____ Yes ____ No." (*See* DE 91 at 4-5.) Burns submitted forms in January 2012, March 2012, and early April 2012, checking "yes" when asked whether the document was an appeal, and listing the grievances he wished to appeal. (*Id.*; DE 85 at 2; *see also* DE 1 at 11, 16, 17.) However, each time prison staff simply routed his appeals back to the grievance officer who had denied his original grievances. (DE 91 at 4-5; DE 85 at 2.) In doing so, prison staff essentially prevented Burns from proceeding to the next step. *See Kaba*, 458 F.3d at 684; *Dole*, 438 F.3d at 809.

The Defendants argue in response that Burns did not use the correct appeal form, and in support they submit a copy of a different form Burns used to appeal an unrelated grievance in 2011.

(DE 88-1.) However, they do not submit any evidence to prove this form was in use in 2012 when Burns submitted the appeals relevant to this case. Burns asserts (without contradiction) that this form is outdated.[2] (DE 91 at 1.) In any event, the Defendants do not dispute the authenticity of the forms Burns has submitted, and those forms clearly indicate that they may be used to appeal a grievance. If Defendants are now trying to claim that some other form is required, at best this is misleading to inmates trying to use the grievance process, and at worst it constitutes the type of affirmative misconduct referenced by the Circuit in *Dole*.

Based on the record, the Defendants have not demonstrated that Burns failed to exhaust administrative remedies that were available to him. *See Kaba*, 458 F.3d at 684-86 (summary judgment was not appropriate when the plaintiff was denied forms and otherwise prevented from pursuing a formal grievance); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (summary judgment on exhaustion grounds was improper where the defendants' actions prevented the inmate from properly exhausting). Accordingly, their motion will be denied.

---

[2] Indeed, the Defendants appear to have submitted an outdated copy of the grievance policy itself. In another case involving food trays at the Lake County Jail during the same time period, the Defendants (two of whom are also sued in this case) submitted a copy of a grievance policy which took effect in 1999. *See Garrett v. Apollo*, No. 2:12-CV-443-RL (N.D. Ind. filed Oct. 26, 2012), DE 47-2, Lake County Jail Inmate Handbook, Revised 2-24-99. This would appear to post-date the policy submitted here, which took effect in 1994. (DE 83-1.) The grievance policies are the same in material respects, so the Court need not pursue this matter further.

CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment (DE 80) is **DENIED**.


**DATED: February 27, 2014**          /s/RUDY LOZANO, Judge
                                    **United States District Court**