UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT L. BURNS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:12-CV-158-RL-PRC |
| ) | |
| MR. APOLLO, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Attorney Representation [DE 105], filed by *pro se* prisoner Robert L. Burns. This is his fourth motion asking the Court to find an attorney to represent him. On each prior occasion, the Court denied those requests because it found that, given the difficulty of the case, Burns appeared competent to litigate it himself. In this Court's last Order on May 14, 2013, the Court also ruled that he had not made a reasonable attempt to obtain counsel on his own. Now, fourteen months later, Burns declares that he has written to three attorneys and received one response

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precludes from doing so; and if so, (2) given the difficultly of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir 2007) (en banc).

In fourteen months, Burns has only tried to contact three attorneys. This is not a reasonable attempt to obtain counsel on his own. Moreover, he has not furnished any details about what information he provided the attorneys about his case. Given this, it is unclear whether any attorney has ever had sufficient information to meaningfully evaluate whether to represent Burns. The Court thus denies the motion. Moreover, allowing Burns leave to refile would be pointless since, as laid

out below, he is competent to litigate his case without the assistance of a lawyer.

"The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Henderson v. Ghosh*, __ F.3d __, __; 2014 WL 2757473, *5; 2014 U.S. App. LEXIS 11816, *13–14 (7th Cir. 2014) (*quoting Pruitt*, 503 F.3d at 655). In denying his last request for counsel, the Court explained that:

> Mr. Burns's case does not involve "exceptional circumstances" and is not complicated. Burns alleges one claim that he has been fed food on unclean food trays while he has been incarcerated at the Lake County jail and one claim that jail officials have knowingly served him food to which he is allergic. Burns is aware of the facts of his case as they are within his personal experience and, to date, he has articulated his claims quite plainly and has diligently proceeded with the case.

DE 55 at 4. Since that ruling, Burns has successfully defeated Defendants' Motion for Summary Judgment. He writes clearly and intelligibly. Thus, based on his filings before this Court, there is no indication that Burns is unable to competently litigate this case.[1]

Burns states that his filings have been prepared with the assistance of a book and that it no longer provides him with information on how to proceed. He states that he does not know how to get a witness to testify in court and that he does not know how to argue his case. As the Court explained in its prior order, "after the Court determines whether the trial will be a bench trial or a jury trial, it will explain the trial mechanics to the Plaintiff." DE 55 at 4. Based on his ability to follow the instructions provided by his book, there is no indication that he will not be competent to litigate this case himself by following the written trial instructions provided by the Court.

Finally, Burns states that he does not know how to locate a doctor who previously worked for the Lake County Jail. In his previous motion for counsel, Burns stated that he needed the

---

[1] Indeed, this is one of three cases that he has filed in this court. *See Burns v. Buncich*, 2:12-cv-034 (N.D. Ind. filed January 20, 2012); *Burns v. Davies*, 2:12-cv-035 (N.D. Ind. filed January 20, 2012).

testimony of Dr. Johann Farley because that is the doctor who told him he had *H. Pylori*. It is unclear what Dr. Farley could provide that is not already in the medical records submitted by Burns. It is also unclear if the Dr. Johann D. Farley that is located at 2621 West Lincoln Highway, Merrillville, IN 46410, is the same doctor who formerly worked at the Lake County Jail. Nevertheless, the Court orders Defendants to provide Burns with whatever contact information they have for Dr. Jonann Farley.

For the foregoing reasons, the Court **DENIES** the Motion for Attorney Representation [DE 105] and **ORDERS** Defendants to provide Robert L. Burns with any contact information they have for Dr. Johann Farley.

SO ORDERED this 5th day of August, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*